Carabal-Santos v. Barr

BIA
Straus, IJ
A200 689 439

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand nineteen.

PRESENT:
JOHN M. WALKER, JR.,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*
_____

SAMUEL CARABAL-SANTOS, AKA
SAMUEL CARVAGAL, AKA SAMUEL
SANTOS,
        *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

17-4097(L),
18-1358(Con)
NAC

FOR PETITIONER:          Robert C. Ross, West Haven, CT.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Carl McIntyre,
                         Assistant Director; Gregory A.
                         Pennington, Jr., Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Samuel Carabal-Santos, a native and citizen of Mexico, seeks review of the denials of (1) his application for relief from removal under the Convention Against Torture ("CAT"), *see In re Samuel Carabal-Santos,* No. A200 689 439 (B.I.A. Nov. 27, 2017), *aff'g* No. A200 689 439 (Immig. Ct. Hartford June 8, 2017), and (2) his motion to reopen, *see In re Samuel Carabal-Santos*, No. A200 689 439 (B.I.A. Apr. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**A. Order of Removal**

The only issues before us in this petition are the agency's denial of deferral of removal under the CAT and its denial of a continuance. Under the circumstances of this case, we have reviewed both the Immigration Judge's ("IJ") and the BIA's opinions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), examining factual findings for substantial evidence and

2

questions of law de novo, *see Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018).

1. Deferral of Removal

An applicant seeking deferral of removal under the CAT must make a preponderance showing that he would be tortured upon removal. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a). In deciding whether an applicant has carried this burden, the agency must consider all relevant evidence, including past torture, ability to relocate, and human rights violations within the country of removal. *See* 8 C.F.R. § 1208.16(c)(3). "'It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link.'" *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)). Thus, an alien cannot carry his burden "'if one link in the chain cannot be shown to be more likely than not to occur.'" *Id.*

The applicant's testimony may be sufficient to sustain his burden, even without corroboration, but only if the trier of fact finds the testimony credible, persuasive, and

3

sufficiently factually specific to demonstrate that the applicant is a "refugee." *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). "[A]n applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun*, 883 F.3d at 28; *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). Applying these principles here, we conclude that the agency did not err in finding that Carabal-Santos failed to satisfy his burden of proving a likelihood of torture.

Given that Carabal-Santos asserted that a drug cartel last harmed or personally threatened him in Mexico sometime before 2001, he had the burden of demonstrating that the cartel remained interested in harming him more than 15 years later. *See* 8 C.F.R. § 1208.16(c)(3); *see also Savchuck*, 518 F.3d at 123. Carabal-Santos attempted to satisfy that burden with his testimony that cartel members cut his grandmother's face shortly after he left Mexico, killed two of his friends in 2007 and 2010, kidnapped and tortured his brother-in-law

4

in 2011, and recently threatened him through his sister's Facebook account.  However, the agency reasonably found that Carabal-Santos failed to corroborate these crucial facts with reasonably available evidence.  *See Wei Sun*, 883 F.3d at 28.

First, although he submitted letters from his grandmother and brother-in-law, neither of them mentioned being harmed at all or targeted by anyone as a threat to Carabal-Santos. Further, although Carabal-Santos testified that cartel members killed two of his friends who helped him confront cartel members in 1997, his written statement asserted that the murder victims were his brother's friends who were killed for reasons unrelated to Carabal-Santos.  Also, the statement Carabal-Santos's sister submitted on his behalf did not corroborate his testimony that cartel members had threatened him via her Facebook account.

The agency further reasonably considered and determined that Carabal-Santos could safely relocate within Mexico.  *See* 8 C.F.R. § 1208.16(c)(3).  Moreover, as the IJ found, Carabal-Santos did not provide any country conditions evidence showing that the cartel leader who targeted him remains active. Indeed, although cartel control is fluid, a

5

Drug Enforcement Agency map of the Mexican drug cartels shows that the cartel Carabal-Santos fears is not active in many parts of Mexico.

Accordingly, because Carabal-Santos failed to corroborate his testimony regarding continued threats from cartel members, and because evidence demonstrated he could safely relocate within Mexico, the agency did not err in finding that he failed to establish a chain of events showing that he would more likely than not be tortured or killed if removed to Mexico. *See Wei Sun*, 883 F.3d at 28; *Savchuck*, 518 F.3d at 123. Because that finding was dispositive of deferral of removal under the CAT, *see* 8 C.F.R. §§ 1208.16(c), 1208.17(a), 1208.18(a)(1), we do not reach the agency's alternative basis for denying CAT relief, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *De La Rosa v. Holder*, 598 F.3d 103, 108-09 (2d Cir. 2010) (recognizing that applicant's failure to establish likelihood of torture is separate dispositive basis for denying CAT relief from the requirement of establishing government

6

acquiescence).

2. <u>Continuance</u>

Carabal-Santos faults the IJ for denying him a fourth continuance before denying him CAT relief. We review such a denial for abuse of discretion. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and only "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding, or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551-52 (quotation marks and brackets omitted). That is not this case.

The IJ had already granted Carabal-Santos three continuances, thereby providing him and his family approximately 16 months to prepare and gather evidence from Mexico. Carabal-Santos's attorney requested a fourth continuance because, although Carabal-Santos's family had submitted evidence, their statements could have been

7

"stronger." Certified Administrative Record at 145. The denial of a fourth continuance in these circumstances was not an abuse of discretion. *See Wei Sun*, 883 F.3d at 31 ("[I]t is reasonable not to require that applicants receive a second opportunity to present their case after the IJ identified the specific evidence they need to prevail."); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Because the IJ had already granted numerous continuances, during which Carabal-Santos managed to obtain evidence from family and friends, there is no merit to his argument that his due process rights were violated by the IJ denying him yet another opportunity to gather evidence. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that [she was] otherwise deprived . . . of fundamental fairness." (quotation marks omitted)).

Accordingly, we identify no error in the agency's

8

decision to deny Carabal-Santos CAT relief from removal.

**B. Motion to Reopen**

In challenging the agency's refusal to reopen his removal proceedings, Carabal-Santos bears a still heavier burden because the law states that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Moreover, we review the agency's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) ("[I]n reviewing the BIA's determination of whether previously unavailable evidence supported [a] motion to reopen, we must inquire whether the evidence could have been presented at the hearing before the IJ.").

As the Government argues, Carabal-Santos does not challenge the BIA's dispositive finding that the evidence he submitted in support of his motion to reopen was previously available. Accordingly, that finding remains a valid basis for denying reopening, and we deny the petition

9

for review. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues and claims not raised in his brief); *see also* 8 C.F.R. § 1003.2(c)(1).

In any event, the BIA's finding was not erroneous since Carabal-Santos submitted letters that described events predating his hearing. *See Norani*, 451 F.3d at 294. Further, the BIA did not err in its alternative dispositive determination that the newly submitted letters would not change the outcome of Carabal-Santos's proceedings because they did not undermine the agency's determination that he could relocate within Mexico to avoid harm. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (recognizing failure to establish prima facie eligibility for relief as a valid basis to deny motion to reopen).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with

10

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court